# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHRISTOPHER A. THORNSBERRY**  **PLAINTIFF**
**ADC #169180**

v.  No: 2:24-cv-00086-DPM-PSH

**CARRIE GRANVILLE,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Christopher A. Thornsberry filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 29, 2024, while incarcerated at Arkansas Division of Correction's Varner Supermax (Doc. No. 2). The Court granted Thornsberry *in forma pauperis* status (Doc. No. 3).

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). The Court has reviewed Thornsberry's complaint and finds that service is not proper at this time for the following reasons.

First, Thornsberry names the Arkansas Department of Corrections (ADC) as a defendant. The ADC is not an entity subject to suit under § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also*

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought).

Second, Thornsberry's claims that defendants Corporal Streeter and Corporal Counselor failed to protect him from an attack by another inmate on October 13, 2021, are currently pending in another case, *Thornsberry v. Arkansas Dept. of Correction, et al.*, Case No. 2:21-cv-00169-LPR-PSH ("*Thornsberry I*") (Doc. Nos. 7-8 & 27). Thornsberry cannot proceed with the same claims in two lawsuits. Accordingly, these claims are subject to dismissal as duplicative and frivolous. *See Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir.1992) (district courts may dismiss complaint which raises issues directly related to issues in other pending action by same party as redundant and frivolous); *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prisoner's duplicative § 1983 actions were legally frivolous and thus a strike under 28 U.S.C. § 1915(g)).

Lastly, Thornsberry needs to clarify his claims against Sergeant Carrie Granville. He indicates that he wishes to re-litigate his allegation that Granville failed to protect him from an October 13, 2021 attack. Doc. No. 2 at 4-7. He explains that he is re-filing this lawsuit against Granville "because she was dismissed as a defendant in the pending case 2:21-cv-00169 due to my grievance on her not yet being fully exhausted before I filed my 1983 civil suit." *Id.* at 6. Thornsberry

attached to his complaint a copy of grievance EAM21-02096. *Id.* at 8. That grievance was analyzed in *Thornsberry I* along with three other grievances: EAM21-02206, EAM21-02030, and EAM21-02056. *See* Doc. No. 85 at 9-10 in *Thornsberry I*. The Court concluded that none of the grievances filed by Thornsberry before he filed this lawsuit described his complaint allegation that Granville placed the inmate who attacked him in his cell on October 13, 2021, in retaliation for past lawsuits he had filed. *Id.* at 14. Further, the Court concluded that EAM21-2096 concerned an incident that occurred on a later date, October 19, 2021, and could therefore not serve to exhaust Thornsberry's claims against Granville relating to the October 13 attack. *Id.* ("In [grievance EAM21-2096], Thornsberry grieved that Counsel threatened him with retaliation and told him that Granville said she would retaliate against him if he filed a lawsuit. That is not a complaint allegation in this case."). Accordingly, if Thornsberry sues Granville solely based on her actions relating to the October 13 attack, and he relies on the same grievance this Court has already examined and found not to exhaust his claims against her, such claims may be subject to dismissal on screening.[1]

---

[1] While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (explaining that an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005)

Thornsberry also alleges in this lawsuit that Granville and Counselor threatened to have him attacked again if he filed a lawsuit or grievance concerning the October 13 attack. *See* Doc. No. 2 at 5-6 ("Threats were passed to me by Cpl. Counselor & Sgt. Granville that I would be victimized again with physical assault if I were to file any more lawsuits or grievances, especially on this incident of them putting the attacker in my cell."). This was not a claim in *Thornsberry I,* and it is not clear that Thornsberry attempts to state a claim against Counselor or Granville in this lawsuit based on their actions *after* the October 13 attack.

The Clerk of Court is directed to send Thornsberry a blank § 1983 form. Thornsberry may amend his complaint on the form provided to clarify his claims. He is cautioned that an amended complaint will render his prior complaints without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Thornsberry fails to file an amended complaint within thirty days, this lawsuit may be dismissed.

IT IS SO ORDERED this 14th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

(stating that *sua sponte* dismissal for failure to exhaust is appropriate if the failure to exhaust is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").